■ BLEAKLEY PLATT & SCHMIDT, LLP, Respondent, v LISA G. BARBERA, Appellant. [24 NYS3d 740]—

In an action, inter alia, to recover unpaid legal fees, the defendant appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated March 18, 2015, which denied her motion for leave to amend her answer to assert a counterclaim alleging legal malpractice and professional misconduct.

Ordered that the order is affirmed, with costs.

In January 2012, the plaintiff commenced this action seeking to recover unpaid legal fees, asserting causes of action to recover damages for breach of contract, unjust enrichment, in quantum meruit, on an account stated, and to enforce an attorney's fee lien. Thereafter, the defendant commenced a separate action in the Supreme Court, Westchester County, under index No. 64986/12, against the plaintiff to recover damages for legal malpractice (hereinafter the legal malpractice action). Subsequent to the commencement of the legal malpractice action, in January 2013, the defendant served an answer in this action. As one of her affirmative defenses, the defendant

asserted that the plaintiff's claims were barred by acts of professional negligence.

In August 2014, the defendant moved, inter alia, to consolidate this action with the legal malpractice action. In an order dated October 6, 2014, the Supreme Court, inter alia, denied that branch of the defendant's motion, without prejudice to renew the motion, due to the defendant's record of delay with respect to discovery in this action and due to her prior violation of a discovery order. The court also noted that this action and the legal malpractice action were at completely different stages of discovery and that it had already directed that there be no further delay in this action.

By order to show cause dated October 23, 2014, the defendant then moved in this action for leave to amend her answer to add a proposed counterclaim which repeated the allegations and demand set forth in the legal malpractice action. The Supreme Court denied the defendant's motion, and the defendant appeals.

"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Marcum, LLP v Silva*, 117 AD3d 917, 917 [2014]; *see* CPLR 3025 [b]; *Maldonado v Newport Gardens, Inc.*, 91 AD3d 731, 732 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Since the claims asserted in the proposed counterclaim were duplicative of those set forth in the legal malpractice action, the Supreme Court providently exercised its discretion in denying the defendant's motion for leave to amend her answer to assert a counterclaim alleging legal malpractice (*see Feldman v Finkelstein & Partners, LLP*, 76 AD3d 703, 704 [2010]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.