Urias v Daniel P. Buttafuoco & Assoc., PLLC (2019 NY Slip Op 05180)





Urias v Daniel P. Buttafuoco & Assoc., PLLC


2019 NY Slip Op 05180


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-10373
2018-02097
 (Index No. 7186/11)

[*1]Delfina Urias, etc., appellant, 
v
Daniel P. Buttafuoco & Associates, PLLC, et al., respondents.


Law Offices of Daniel A. Zahn, P.C., Holbrook, NY, for appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and William Schleifer of counsel), for respondents Daniel P. Buttafuoco & Associates, PLLC, and Daniel P. Buttafuoco.
L'Abbate, Balkan, Colavita & Contini, LLP, Garden City, NY (Amy M. Monahan of counsel), for respondent John Newman.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated September 15, 2016, and (2) an order of the same court dated August 21, 2017. The order dated September 15, 2016, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the amended complaint. The order dated August 21, 2017, insofar as appealed from, granted those branches of the motion of the defendants Daniel P. Buttafuoco & Associates, PLLC, and Daniel P. Buttafuoco which were for summary judgment dismissing the first through fifth causes of action of the amended complaint, and denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the second and third causes of action, and on so much of the sixth cause of action as was asserted against the defendants Daniel P. Buttafuoco and Associates, PLLC, and Daniel P. Buttafuoco.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice. The defendants Daniel P. Buttafuoco & Associates, PLLC, and Daniel P. Buttafuoco (hereinafter together the Buttafuoco defendants) represented the plaintiff in a medical malpractice action in Suffolk County, which resulted in a settlement agreement, and in which the Buttafuoco defendants were awarded a certain sum of attorney's fees that was confirmed by the Supreme Court, Suffolk County. The defendant John Newman represented the plaintiff in a guardianship proceeding in Nassau County, which also resulted in an approval of the settlement and award of attorney's fees in the medical malpractice action by the Supreme Court, Nassau County. In this action, the plaintiff alleges, among other things, that the Buttafuoco defendants and Newman were negligent in their representation of the plaintiff and that the Buttafuoco defendants committed fraud and violated [*2]Judiciary Law § 487 with respect to their recovery of attorney's fees. The first through fifth causes of action seek damages from the Buttafuoco defendants, alleging a violation of Judiciary Law § 487, breach of fiduciary duty, breach of the retainer agreement, conversion of the settlement proceeds and fraud, and fraud, respectively. The sixth cause of action seeks damages from the Buttafuoco defendants and Newman for legal malpractice.
The plaintiff moved pursuant to CPLR 3025(b) for leave to amend the amended complaint, and that motion was denied by an order of the Supreme Court dated September 15, 2016. Subsequently, the Buttafuoco defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on her second and third causes of action, and so much of the sixth cause of action as was asserted against the Buttafuoco defendants. In an order dated August 21, 2017, the Supreme Court granted the Buttafuoco defendants' motion to the extent that it awarded them summary judgment dismissing the first through fifth causes of action, and denied the plaintiff's cross motion. The plaintiff appeals from both orders. We affirm the orders insofar as appealed from.
Motions for leave to amend pleadings should be freely granted, absent prejudice or surprise directly resulting from the delay in seeking leave, unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Feldman v Finkelstein & Partners, LLP, 76 AD3d 703, 705; Aurora Loan Servs., LLC v Thomas, 70 AD3d 986, 987; Tyson v Tower Ins. Co. of N.Y., 68 AD3d 977, 979). Here, we agree with the Supreme Court's determination denying the plaintiff's motion for leave to amend the amended complaint, as the proposed amendments were patently devoid of merit (see Bleakley Platt & Schmidt, LLP v Barbera, 136 AD3d 725, 726; Feldman v Finkelstein & Partners, LLP, 76 AD3d at 705; Goodleaf v Tzivos Hashem, Inc., 68 AD3d 817, 818).
The second and third causes of action, which allege breach of fiduciary duty and breach of contract, respectively, were duplicative of the legal malpractice cause of action, since those causes of action are based on the same facts and do not allege distinct damages (see Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc., 164 AD3d 809, 814; Balan v Rooney, 152 AD3d 733, 734; Ferrigno v Jaghab, Jaghab & Jaghab, P.C., 152 AD3d 650, 654; Federico v Brancato, 144 AD3d 965, 967). In addition, the first, fourth, and fifth causes of action, alleging a violation of Judiciary Law § 487, conversion of the settlement proceeds and fraud, and fraud, respectively, concern whether the Buttafuoco defendants engaged in fraudulent conduct in obtaining an award of attorney's fees in the medical malpractice action. The plaintiff's remedy for those alleged acts "lies exclusively in that lawsuit itself, i.e., by moving pursuant to CPLR 5015 to vacate the civil judgment due to its fraudulent procurement, not a second plenary action collaterally attacking the judgment in the original action" (Yalkowsky v Century Apts. Assoc., 215 AD2d 214, 215; see Chibcha Rest., Inc. v David A. Kaminsky & Assoc., P.C., 102 AD3d 544, 545; Parker & Waichman v Napoli, 29 AD3d 396, 399; North Shore Envtl. Solutions, Inc. v Glass, 17 AD3d 427). Accordingly, we agree with the Supreme Court's determination granting those branches of the Buttafuoco defendants' motion which were for summary judgment dismissing the first through fifth causes of action, and denying those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the second and third causes of action.
We also agree with the Supreme Court's determination denying that branch of the plaintiff's cross motion which was for summary judgment on the sixth cause of action, to recover damages for legal malpractice, insofar as asserted against the Buttafuoco defendants. There are conflicting opinions in the expert affirmations as to whether the Buttafuoco defendants failed to exercise the degree of reasonable skill and competence commonly possessed by an ordinary member of the legal profession and thereby caused harm to the plaintiff (see generally 762 Westchester Ave. Realty, LLC v Mavrelis, 167 AD3d 684, 685; Landa v Blocker, 87 AD3d 719, 722; Scartozzi v Potruch, 72 AD3d 787, 788).
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court