Modena v M&S Mech. Servs., Inc. (2020 NY Slip Op 01914)





Modena v M&S Mech. Servs., Inc.


2020 NY Slip Op 01914


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-13304
 (Index No. 715235/17)

[*1]Peter A. Modena, respondent, 
v
M & S Mechanical Services, Inc., et al., appellants.


Andrea G. Sawyers, Melville, NY (Dominic Zafonte of counsel), for appellants.
Eric H. Green, New York, NY (Seth M. Katz of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered October 17, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries arising out of a collision that occurred in July 2016, between the plaintiff's vehicle and a vehicle owned by the defendant M & S Mechanical Services, Inc., which was operated by the defendant Carmelo R. Chan. The plaintiff alleged that the defendants were negligent in, among other things, the ownership and operation of their vehicle and that the defendants' vehicle struck his vehicle in the rear. Thereafter, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the motion, and the defendants appeal.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of his affidavit and the police accident report, which demonstrated that the defendants' vehicle struck the rear of the plaintiff's vehicle (see Batashvili v Veliz-Palacios, 170 AD3d 791, 792; Lopez v Dobbins, 164 AD3d 776, 777),
In opposition to this prima facie showing, the defendants submitted the affidavit of the defendant driver which raised triable issues of fact as to how the subject accident occurred and whether the defendant driver was negligent in the happening of the accident (see Motta v Gomez, 161 AD3d 725, 726; Scheker v Brown, 85 AD3d 1007).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability (see Winegrad v New York Univ. Med. Ctr., 64 NY2d [*2]851).
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court