S.G. v Singh (2020 NY Slip Op 07169)





S.G. v Singh


2020 NY Slip Op 07169


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-02328
 (Index No. 717607/17)

[*1]S. G., etc., et al., respondents, 
v
Harjinder Singh, et al., defendants, Metropolitan Transportation Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Metropolitan Transportation Authority, MTA New York City Transit, New York City Transit Authority, and Leonard Velez appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered December 20, 2018. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Metropolitan Transportation Authority, MTA New York City Transit, New York City Transit Authority, and Leonard Velez.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Metropolitan Transportation Authority, MTA New York City Transit, New York City Transit Authority, and Leonard Velez is denied.
The plaintiffs were passengers in an Uber vehicle operated by the defendant Harjinder Singh and owned by the defendant NY4 Leasing Corp (hereinafter together the Singh defendants), when it was involved in an accident with a vehicle operated by the defendant Leonard Velez and allegedly owned by the defendants Metropolitan Transportation Authority, MTA New York City Transit, and New York City Transit Authority (hereinafter collectively the MTA defendants). At the time of the collision, the MTA defendants' vehicle was traveling southbound, into an intersection, and the Singh defendants' vehicle, which had been traveling northbound, was attempting to make a left turn at the intersection, across the southbound lanes.
The plaintiffs subsequently commenced this action, inter alia, to recover damages for personal injuries, and after joinder of issue, moved for summary judgment on the issues of the liability of all of the defendants and the plaintiffs' freedom from comparative fault. The Supreme Court granted the motion. The MTA defendants appeal from so much of the order as granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the MTA defendants.
Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Brodney v Picinic, 172 AD3d 673, 674; Giannone v Urdahl, 165 AD3d 1062, 1063). [*2]"The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (Attl v Spetler, 137 AD3d 1176, 1176; see Lebron v Mensah, 161 AD3d 972, 974).
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). Here, the plaintiffs failed to eliminate triable issues of fact as to whether the operator of the MTA defendants' vehicle, who had the right-of-way, was negligent in the operation of the vehicle (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the MTA defendants.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court