Diamond v Comins (2021 NY Slip Op 03019)





Diamond v Comins


2021 NY Slip Op 03019


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-12777
 (Index No. 53785/19)

[*1]Mari Diamond, appellant, 
v
Justin K. Comins, et al., respondents.


Law Office of Ryan S. Goldstein, PLLC, Bronx, NY, for appellant.
Burke, Conway & Steifeld (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Anthony F. DeStefano], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated November 4, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendants Justin K. Comins and Northline Utilities, LLC, and dismissing their first affirmative defense, alleging comparative negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against the defendants Justin K. Comins and Northline Utilities, LLC, and dismissing their first affirmative defense, alleging comparative negligence, are granted.
On June 30, 2017, at about 11:20 a.m., the plaintiff's vehicle was struck in the rear by a vehicle operated by the defendant Justin K. Comins, in Westchester County. Comins' vehicle was leased by his employer, the defendant Northline Utilities, LLC (hereinafter Northline Utilities), from the defendant Global Rental Company, Inc. The plaintiff subsequently commenced this action against the defendants. The Supreme Court, inter alia, denied, as premature, those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against Comins and Northline Utilities and dismissing their first affirmative defense, alleging comparative negligence. The plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Arslan v Costello, 164 AD3d 1408, 1409). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034; Bene v Dalessio, 135 AD3d 679). To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989, 991). Although a plaintiff is not required to establish his or her freedom from [*2]comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence (see Wray v Galella, 172 AD3d 1446, 1447; Poon v Nisanov, 162 AD3d 804, 808).
Here, in support of her motion, the plaintiff submitted, among other things, her own affidavit, the affidavit of a nonparty witness, and a certified police accident report, which demonstrated, prima facie, that Comins negligently struck the plaintiff's stopped vehicle in the rear and that his negligence was a proximate cause of the accident (see Morgan v Flippen, 173 AD3d 735, 736; Odetalla v Rodriguez, 165 AD3d 826, 827; Arslan v Costello, 164 AD3d at 1409). The plaintiff also demonstrated, prima facie, that she was not comparatively at fault in the happening of the accident (see Lopez v Dobbins, 164 AD3d 776, 777).
In opposition to the motion, the defendants submitted Comins' affidavit. Contrary to the plaintiff's contention, Comins' affidavit did not contradict his prior statement to the police (see generally Valentin v Parisio, 119 AD3d 854, 855; Jahangir v Logan Bus Co., Inc., 89 AD3d 1064; Kievman v Philip, 84 AD3d 1031, 1033). Nevertheless, it was insufficient to raise a triable issue of fact.
The plaintiff's motion was not premature (see CPLR 3212[f]).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability insofar as asserted against Comins and Northline Utilities and dismissing their first affirmative defense, alleging comparative negligence.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court