Atkins v City of New York (2021 NY Slip Op 04475)





Atkins v City of New York


2021 NY Slip Op 04475


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2019-10327
 (Index No. 507710/14)

[*1]Leroy Atkins, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Subin & Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Nwamaka Ejebe of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated August 9, 2019. The order denied the plaintiff's motion for summary judgment on the issue of comparative fault and dismissing all affirmative defenses alleging comparative negligence and culpable conduct on his part.
ORDERED that the order is affirmed, with costs.
In August 2014, the plaintiff commenced this action against the defendants City of New York, New York City Police Department, and Mario Giordano (hereinafter collectively the City defendants), among others, to recover damages for personal injuries he alleged that he sustained in August 2013 when the vehicle that he was operating in Kings County was struck twice in the rear in a three-vehicle accident. According to the plaintiff, on the date of the accident, he was operating a vehicle on a roadway in Brooklyn and was stopped for a red traffic light when a vehicle, operated by the defendant Chance Deespina and owned by the defendant Kevin Suarez (hereinafter the second vehicle), hit the vehicle he was operating in the rear. According to the plaintiff, immediately thereafter, a marked police vehicle operated by Giordano, a police officer, struck the second vehicle, causing it to again strike the vehicle operated by the plaintiff. The plaintiff moved for summary judgment on the issue of comparative fault and dismissing all affirmative defenses alleging comparative negligence and culpable conduct on his part. In an order dated August 9, 2019, the Supreme Court denied the motion. The plaintiff appeals. We affirm.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908; D'Agostino v YRC, Inc., 120 AD3d 1291, 1292).
Here, in support of his motion, the plaintiff submitted, inter alia, a transcript of his deposition testimony, which established, prima facie, that the plaintiff's vehicle was stopped for a [*2]red traffic light when it was struck in the rear twice (see Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d 667, 667-668; Salako v Nassau Inter-County Express, 131 AD3d 687, 687).
In opposition, however, the City defendants raised a triable issue of fact as to whether the plaintiff violated section 1144(a) of the Vehicle and Traffic Law, thereby contributing to the accident. That statute requires, among other things, that upon the immediate approach of an authorized emergency vehicle with lights and siren in operation, the driver of every other vehicle shall yield the right of way and immediately move to the side of the roadway until the emergency vehicle passes (see Vehicle and Traffic Law § 1144[a]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). The City defendants submitted the affidavit of Giordano who averred that he was pursuing the second vehicle and had engaged his vehicle's emergency lights and siren immediately upon his pursuit of that second vehicle, which was for approximately three miles before he reached the intersection where the accident occurred, and that the lights and siren were continuously engaged until the time of the accident. Giordano's affidavit raised a triable issue of fact as to whether the plaintiff violated section 1144(a) of the Vehicle and Traffic Law and whether his alleged negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1144[a]; Tobacco v North Babylon Fire Dept., 251 AD2d 398, 399; see also Etingof v Metropolitan Laundry Mach. Sales, Inc., 134 AD3d at 667-668).
Accordingly, the Supreme Court properly denied the plaintiff's motion.
In light of our determination, we need not reach the City defendants' remaining contentions.
MASTRO, J.P., RIVERA, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court