Joseph-Felix v Hersh (2022 NY Slip Op 04905)

Joseph-Felix v Hersh

2022 NY Slip Op 04905

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2020-07461
 (Index No. 502619/19)

[*1]Jean Joseph-Felix, respondent, 
v
Jeffrey Hersh, appellant, et al., defendants.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Alan J. Stern, P.C. (Lisa M. Comeau, Garden City, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Jeffrey Hersh appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 21, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability against that defendant and dismissing that defendant's first affirmative defense.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the issue of liability against the defendant Jeffrey Hersh and dismissing that defendant's first affirmative defense are denied.
The plaintiff commenced this action against the defendant Jeffrey Hersh, among others, to recover damages for injuries allegedly sustained in a motor vehicle collision. The plaintiff subsequently moved, among other things, for summary judgment on the issue of liability against Hersh and dismissing Hersh's first affirmative defense, which alleged that the plaintiff's injuries were caused by the plaintiff's own "culpable conduct . . . , including contributory negligence or assumption of risk." Hersh opposed the motion. In an order dated August 21, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. Hersh appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Arslan v Costello, 164 AD3d 1408, 1409). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Atkins v City of New York, 196 AD3d 622, 623; see Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034).
However, "not every rear-end collision is the exclusive fault of the rearmost driver. The frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" (Tutrani v County of Suffolk, 64 AD3d 53, 59-60 [internal quotation marks omitted]). "Although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff seeks summary judgment dismissing an affirmative defense alleging comparative negligence" (Diamond v Comins, 194 AD3d 784, 785; see Wray v Galella, 172 AD3d 1446, 1447).
Here, evidence submitted by the plaintiff in support of his motion, which included his own affidavit in which he asserted that he came to a gradual stop to avoid hitting an orange traffic cone in his lane of travel and then was struck twice in the rear by Hersh's vehicle, established, prima facie, that Hersh negligently struck the plaintiff's stopped vehicle and that Hersh's negligence was a proximate cause of the accident (see Atkins v City of New York, 196 AD3d at 623; Diamond v Comins, 194 AD3d at 785). The evidence submitted by the plaintiff also demonstrated, prima facie, that the plaintiff was not comparatively at fault in the happening of the accident (see Diamond v Comins, 194 AD3d at 785).
In opposition, however, Hersh raised a triable issue of fact sufficient to defeat summary judgment as to both of these issues. Hersh submitted his own affidavit in which he asserted that, prior to the accident, traffic was moving well and there was no ongoing road construction. Hersh asserted that the plaintiff then "suddenly and unexpectedly jammed on his brakes in front of me," that Hersh "braked hard" and was able to stop without hitting the plaintiff's vehicle, but that the vehicle behind Hersh then struck Hersh's vehicle "twice in the rear," pushing Hersh's vehicle into the plaintiff's vehicle. Hersh stated in his affidavit that, after the accident, he "looked all around on the nearby grass and even under plaintiff's SUV but did not see any cone" obstructing the lane as the plaintiff claimed. Hersh's affidavit was sufficient to raise a triable issue of fact as to whether Hersh had a nonnegligent explanation for hitting the plaintiff's vehicle (see Lutz v Defabio, 140 AD3d 1032, 1033; Kuris v El Sol Contr. & Constr. Corp., 116 AD3d 675, 676). Hersh's affidavit also was sufficient to raise a triable issue of fact as the plaintiff's comparative fault (see Rossnagel v Kelly, 177 AD3d 650, 651; see also Newell v Bronston, 183 AD3d 441, 441).
Contrary to the plaintiff's contention, Hersh's affidavit was not incredible as a matter of law, "as it was not 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory'" (Zapata v Buitriago, 107 AD3d 977, 979, quoting People v Garafolo, 44 AD2d 86, 88). To the extent that Hersh's affidavit contradicted the description of the accident in a certified police accident report, which is not attributed to an identified source, such a contradiction reflects "a classic dispute of fact" (Ramos v Rojas, 37 AD3d 291, 292), and is not a basis to categorically reject Hersh's affidavit as unworthy of belief or incredible as a matter of law (see Colon v Woolco Foods Inc., 177 AD3d 498, 498; Imamkhodjaev v Kartvelishvili, 44 AD3d 619, 620-621; Ramos v Rojas, 37 AD3d at 292). Contrary to the plaintiff's contention, Hersh's affidavit is not conclusively refuted either by the photographic evidence proffered in support of the plaintiff's motion (cf. Carthen v Sherman, 169 AD3d 416, 417; Dorazio v Delbene, 37 AD3d 645, 646), or by the documentary evidence proffered for the first time with the plaintiff's reply, even assuming arguendo that the latter evidence is properly considered (see Gelaj v Gelaj, 164 AD3d 878, 879; Citimortgage, Inc. v Espinal, 134 AD3d 876, 879-880). The triable issues of fact should be resolved by the finder of fact, and not on summary judgment (see Zapata v Buitriago, 107 AD3d at 979).
BARROS, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court