Detoma v Dobson (2023 NY Slip Op 01660)

Detoma v Dobson

2023 NY Slip Op 01660

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-02134
 (Index No. 609309/17)

[*1]Anthony Detoma, appellant, 
v
William T. Dobson, et al., respondents, et al., defendant (and a third-party action).

Grey & Grey LLP, Farmingdale, NY (Sherman B. Kerner of counsel), for appellant.
McCabe, Collins, McGeough, Fowler, Levine & Nogan LLP, Carle Place, NY (Patrick M. Murphy and Robert Passarelli of counsel), for respondent William T. Dobson.
Port Authority Law Department, New York, NY (Christopher J. Neumann of counsel), for respondent Port Authority of New York & New Jersey.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered February 10, 2020. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
This action arises from a three-vehicle accident that occurred at an intersection in Queens. A vehicle operated by the defendant William T. Dobson and owned by the defendant Port Authority of New York & New Jersey was attempting to make a left turn. A vehicle owned and operated by the defendant Joseph Defelice was attempting to proceed through the intersection from the opposite direction. Those vehicles collided, and one of them struck the plaintiff's vehicle, which was stopped at a red light.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in the accident. The plaintiff moved for summary judgment on the issue of liability. In the order appealed from, the Supreme Court, inter alia, denied the motion, concluding that the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law. The plaintiff appeals.
A plaintiff in a negligence action moving for summary judgment on the issue of the defendant's liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the plaintiff's alleged injuries (see Seizeme v Levy, 208 AD3d 809, 810; Joseph-Felix v Hersh, 208 AD3d 571; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). A plaintiff's comparative fault, or lack thereof, is not a consideration in determining whether the plaintiff has made a prima facie showing on the [*2]issue of the defendant's liability (see Rodriguez v City of New York, 31 NY3d 312).
Here, the plaintiff's submissions failed to establish Dobson's or Defelice's negligence as a matter of law. In support of his motion, the plaintiff submitted the transcripts of those defendants' deposition testimony, which was conflicting as to whether Dobson or Defelice had the right-of-way to proceed through the intersection, and whether each used reasonable care to avoid a collision (see Modena v M & S Mech. Servs., Inc., 181 AD3d 802, 803; Katikireddy v Espinal, 137 AD3d 866, 868). Contrary to the plaintiff's contention, the issue is more than simply apportionment of fault between the defendants, since conceivably, the trier of fact could find that one of them was not negligent in the happening of the accident (see Phillip v D & D Carting Co., Inc., 136 AD3d 18, 25; Anjum v Bailey, 123 AD3d 852, 853).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court