Fischetti v Simonovsky (2024 NY Slip Op 02302)

Fischetti v Simonovsky

2024 NY Slip Op 02302

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2023-06145
 (Index No. 710231/22)

[*1]Marilyn J. Fischetti, appellant, 
v
Arkadiy Simonovsky, respondent.

Militello Law Group, P.C. (Alexander J. Wulwick, New York, NY, of counsel), for
appellant.
Michael Ferro, Melville, NY (Andrew Weber of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 11, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and, in effect, dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained personal injuries when her vehicle was struck in the rear by a vehicle owned and operated by the defendant on the Long Island Expressway (hereinafter LIE). The plaintiff moved for summary judgment on the issue of liability and, in effect, dismissing the defendant's affirmative defense alleging comparative negligence, contending that the defendant's negligence was the sole proximate cause of the accident. In an order entered April 11, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under prevailing conditions to avoid colliding with the other vehicle'" (Ordonez v Lee, 177 AD3d 756, 757, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Diamond v Comins, 194 AD3d 784, 784). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Diamond v Comins, 194 AD3d at 784-785). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Abramov v Martinez, 224 AD3d 794, 795; see Karim v Proline Rental, LLC, 222 AD3d 851, 852). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Karim v Proline Rental, LLC, 222 AD3d at 852).
Here, the plaintiff established her entitlement to judgment as a matter of law on the issue of liability through her own affidavit, which demonstrated, prima facie, that the defendant's vehicle struck the plaintiff's vehicle in the rear while the plaintiff's vehicle was stopped on the LIE due to traffic conditions (see Diamond v Comins, 194 AD3d at 785; Ordonez v Lee, 177 AD3d at 757; Lopez v Dobbins, 164 AD3d 776, 777; Edgerton v City of New York, 160 AD3d 809, 810). In opposition, the defendant failed to raise a triable issue of fact. The defendant's averments in his affidavit that the plaintiff's vehicle made a sudden stop and that the plaintiff had told the defendant after the accident that she had stopped her vehicle to allow another car merge into the lane ahead of her, do not provide a nonnegligent explanation for striking the plaintiff's vehicle (see Mahmud v FengOuyang, 208 AD3d 861, 862; Lopez v Dobbins, 164 AD3d at 777-778; Edgerton v City of New York, 160 AD3d at 811).
However, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence on the ground that the defendant's negligence was the sole proximate cause of the accident. The plaintiff's affidavit failed to provide sufficient details to demonstrate, prima facie, that she was not comparatively at fault in causing the accident (see Karim v Proline Rental, LLC, 222 AD3d at 853).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, but the court properly denied that branch of the plaintiff's motion which was, in effect, for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence.
The defendant's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court