Gimenez v Pepsi-Cola Bottling Co. of N.Y., Inc. (2025 NY Slip Op 00434)

Gimenez v Pepsi-Cola Bottling Co. of N.Y., Inc.

2025 NY Slip Op 00434

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-04973
 (Index No. 717307/22)

[*1]Christian Gimenez, et al., appellants, 
v
Pepsi-Cola Bottling Company of New York, Inc., et al., respondents.

Erik Ikhilov, Brooklyn, NY, for appellants.
Law Offices of Christopher P. Di Giulio, P.C., New York, NY (William Thymius of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated May 9, 2023. The order denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, and granted the defendants' motion for leave to amend their answer to assert a counterclaim to recover damages for fraud.
ORDERED that the order is affirmed, with costs.
In August 2022, the plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained approximately four months earlier in Queens when a vehicle owned by the defendant Pepsi-Cola Bottling Company of New York, Inc., and operated by the defendant Camilo A. Marmolejos collided with the plaintiffs' vehicle. The plaintiff Christian Gimenez was the operator of that vehicle, while the plaintiffs Facundo Gomez and Mariano R. Barrozo were his passengers. In February 2023, the plaintiffs moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The defendants opposed the motion and moved for leave to amend their answer to assert a counterclaim to recover damages for fraud. In support of their proposed counterclaim, the defendants asserted that the plaintiffs staged the accident. By order dated May 9, 2023, the Supreme Court denied the plaintiffs' motion for summary judgment and granted the defendants' motion for leave to amend their answer. The plaintiffs appeal. We affirm, albeit, in part, on grounds different from those relied upon by the Supreme Court.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Nicola v Nicolas, 208 AD3d 791, 793 [internal quotation marks omitted]). "A nonnegligent explanation may include a mechanical failure, a sudden, unexplained stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause" (Donnellan v LaMarche, 221 AD3d 783, 784 [internal quotation marks omitted]). Moreover, "[t]he frontmost driver also has the duty not to stop suddenly or slow down without proper signaling so as to avoid a collision" [*2](Choudhary v DiSilvio, 225 AD3d 837, 838 [internal quotation marks omitted]).
Here, the defendants, in effect, concede that the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability through the submission of their affidavits (see Joseph-Felix v Hersh, 208 AD3d 571, 572). Nor do the defendants dispute whether the plaintiffs demonstrated, prima facie, that the plaintiffs were not comparatively at fault in the happening of the accident (see id.). In opposition, however, the defendants raised a triable issue of fact as to the existence of a nonnegligent explanation for the collision (see Clements v Giatas, 178 AD3d 894, 895). In his affidavit, Marmolejos averred that the plaintiffs' vehicle came to a sudden and unexplained stop on the Van Wyck Expressway when there were no vehicles immediately in front of it (see Spinosa v Golden Touch Transp. of NY, Inc., 122 AD3d 916, 917; Kertesz v Jason Transp. Corp., 102 AD3d 658, 659). The defendants' submissions also raised a triable issue of fact as to whether the plaintiffs staged the accident (see Oriental v U-Haul Co. of Arizona, 130 AD3d 702, 702-703; see generally Matter of Medical Socy. of State of N.Y. v Serio, 100 NY2d 854, 861-862).
With regard to that same issue, the Supreme Court providently exercised its discretion in granting the defendants' motion for leave to amend their answer to assert a counterclaim to recover damages for fraud. "In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Bleakley Platt & Schmidt, LLP v Barbera, 136 AD3d 725, 726 [internal quotation marks omitted]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986, citing CPLR 3025[b]). Contrary to the plaintiffs' contention, the defendants' proposed counterclaim alleging fraud was pleaded with sufficient particularity pursuant to CPLR 3016(b) (see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 868; Pike Co., Inc. v Jersen Constr. Group, LLC, 147 AD3d 1553, 1556; cf. Hartford Cas. Ins. Co. v Vengroff Williams & Assoc., 306 AD2d 435, 436), especially when considered along with their other submissions (see Goldberg v Skolnick, 253 AD2d 723, 724; cf. Barclay Arms v Barclay Arms Assoc., 74 NY2d 644, 646-647; Cohen v Houseconnect Realty Corp., 289 AD2d 277, 278). "Since the defendant[s'] proposed counterclaim was not palpably insufficient or patently devoid of merit, and since no prejudice or surprise would result from granting leave to amend the answer," the court properly granted the defendants' motion (1259 Lincoln Place Corp. v Bank of N.Y., 159 AD3d 1004, 1006; see Marini v Lombardo, 39 AD3d 824, 826).
Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence, and properly granted the defendants' motion for leave to amend their answer to assert a counterclaim to recover damages for fraud.
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court