Lema v Parks (2025 NY Slip Op 04774)

Lema v Parks

2025 NY Slip Op 04774

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-12063
 (Index No. 530923/22)

[*1]Segundo Lema, respondent, 
v
Kamara Parks, et al., appellants.

Sobel Pevzner, LLC, Huntington, NY (Judy R. Meisel of counsel), for appellants.
Ikhilov & Associates, Brooklyn, NY (Erik Ikhilov of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 15, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and lack of proximate cause.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he alleged he sustained on May 6, 2022, when the vehicle he was operating was struck by a vehicle operated by the defendant Kamara Parks (hereinafter the defendant driver) and owned by the defendants Transform SR Holding Management, LLC, and Transform Sears Home Services, LLC (hereinafter collectively the defendants). The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and lack of proximate cause. In an order dated November 15, 2023, the Supreme Court granted the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see S.G. v Singh, 189 AD3d 786, 787). "To be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence" (Diamond v Comins, 194 AD3d 784, 785; see Rodriguez v City of New York, 31 NY3d 312, 324-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense of comparative negligence" (Poon v Nisanov, 162 AD3d 804, 808; see Diamond v Comins, 194 AD3d at 785).
Here, in support of his motion, the plaintiff submitted, among other things, his own affidavit, which demonstrated, prima facie, that the defendant driver's negligence in entering an opposite lane of oncoming traffic, in which the plaintiff's vehicle had been traveling, was a proximate cause of the accident (see Gute v Grease Kleeners, Inc., 170 AD3d 676, 677; Browne v [*2]Logan Bus Co., Inc., 156 AD3d 856, 857). The plaintiff also demonstrated, prima facie, that he was not comparatively at fault in the happening of the accident (see Diamond v Comins, 194 AD3d at 785).
In opposition, the defendants failed to raise a triable issue of fact. The affidavit of the defendant driver failed to rebut the version of events presented in the plaintiff's affidavit and was insufficient to raise a triable issue of fact (see id.). Further, contrary to the defendants' contention, the plaintiff's motion was not premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Singh v Avis Rent A Car Sys., Inc., 119 AD3d 768, 770; see Sapienza v Harrison, 191 AD3d 1028, 1031). Here, the defendants' professed need to conduct discovery did not warrant denial of the motion since the defendant driver already had personal knowledge of the relevant facts, and the mere hope or speculation that evidence may be uncovered during the discovery process is insufficient to deny the motion (see Sapienza v Harrison, 191 AD3d at 1031).
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence and lack of proximate cause.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court